NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided March 23, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2929

| | |
|---|---|
| CAMA DIANE KLENE, | Appeal from the United States District |
|    *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|    *v.* | |
| | 1:08-cv-488-SEB-WGH |
| THE TRUSTEES OF INDIANA | |
| UNIVERSITY,[**] | Sarah Evans Barker, |
|    *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Cama Klene, who has multiple sclerosis and uses a wheelchair, sued Indiana University for failure to accommodate her disability, 42 U.S.C. § 12132; 29 U.S.C. § 794(a),

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

[**] Klene's complaint names "the Board of Trustees of Indiana University" as the defendant; we have adjusted the caption to reflect the correct name of that entity. *See* IND. CODE § 21-27-4-2.

and for retaliation, 42 U.S.C. § 12203(a), after the School of Social Work removed her from its program. The district court granted summary judgment for the University, and we affirm the judgment.

As a student in the School of Social Work, Klene was required to complete a practicum, which included a classroom component and a semester-long placement at an outside agency. Klene missed the mandatory informational meeting about placements and as a result submitted her paperwork and preferences for placement nearly three months late. Still, the School worked with Klene to find a practicum site, and she attempted to complete her practicum at four different agencies. The first agency rejected Klene after an interview, citing her "inappropriate self-disclosure," and a second agency, an advocacy group for children's rights, required physical tasks that Klene could not perform. She suggested that the School allow her to complete a modified practicum through that agency anyway: she proposed to work from home under remote supervision of the agency and participate as a social worker at meetings unaffiliated with the agency, such as Alcoholics Anonymous and Mothers Against Drunk Driving. The School rejected that idea because it would not satisfy the essential purpose of the course, which is to simulate the experience of a social worker observing and interacting with the professionals and their clients on the premises of an agency.

With two failed placements, Klene then began a practicum with a third agency. But after a few weeks that agency ended Klene's placement, determining that she lacked initiative and required extensive supervision. The School then allowed Klene to begin a practicum with a fourth agency, even though it had never before allowed a student more than two failed placements. After several weeks, however, the fourth agency terminated Klene's placement because, it explained, she had crossed professional boundaries by allowing patients and staff to push her in her wheelchair.

The School informed Klene that she failed the course because she did not complete the placement component. Under the School's policy, her failed grade meant that she was removed from the School of Social Work altogether. Eight months later Klene filed a complaint with the University's Office of Affirmative Action, contending that the School failed to accommodate her disability. Klene later sued the University, arguing that the School's failure to allow her to complete the practicum under her proposed home-based modification violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. She also asserted that the School changed her grade to an "F" in retaliation for the complaint that she filed with the Office of Affirmative Action. *See* 42 U.S.C. § 12203(a).

To proceed to trial on her claim for failure to accommodate, Klene had to submit evidence that she is a qualified individual with a disability and that the School was aware of

her disability yet failed to provide her with a reasonable accommodation. *See Dadian v. Vill. of Wilmette*, 269 F.3d 831, 841 (7th Cir. 2001); *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001). The district court cut off Klene at the threshold, finding that she was not a qualified individual with a disability. And Klene's retaliation claim failed, the court continued, because she produced no evidence that her complaint led to her failing grade.

Klene argues on appeal that she is a qualified individual with a disability because, she asserts, she could have completed a practicum had the School accepted her proposed home-based modification. She offered to the district court, however, only her unelaborated lay opinion that working from home satisfied the School's practicum criteria and would not fundamentally alter the course.

Educational institutions may be required to make reasonable modifications to their programs to accommodate students with disabilities, but an accommodation is not reasonable if it requires a fundamental alteration to the program. *Southeastern Community College v. Davis*, 442 U.S. 397, 405, 409-10 (1979). In the School's judgment, allowing Klene to substitute her modified practicum would lower the course's academic requirements. The course requires students placed at an agency to "interact with other professionals and function effectively within an organization." Klene cannot satisfy this objective with a home-based practicum that ignores the necessity of observing and engaging the placement agency's professional staff and clients. "When judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment." *Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). Respecting as we must the School's academic judgment on maintaining its standards, Klene's undeveloped lay opinion does not create a triable claim that her modified practicum was a reasonable accommodation. *See Southeastern Community College*, 442 U.S. at 409-10; *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88 (2d Cir. 2004).

As to her retaliation claim, Klene has changed course since the summary judgment proceedings and now maintains that the School retaliated against her by giving her an "F" instead of an "Incomplete" in her course. But she waived this argument by failing to raise it to the district court. *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010). And in any event, her retaliation claim would fail, as it is undisputed that the School decided to give Klene a failing grade—and communicated its decision to Klene—months before she complained to the Office of Affirmative Action.

Accordingly, we AFFIRM the judgment of the district court.